UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**MAURICIO AGUILAR, DAVE HUGHES,**
**DANIEL RADMAR, BYRON SLAGE,**
**MICHAEL VINSANT, and**
**DUAINE WAGNER**
        **Plaintiffs,**

v.                                                                                  Case No.: 08-C-0154

**HUSCO INTERNATIONAL, INC.,**

       **Defendant & Third-Party Plaintiff,**

v.

**INTERNATIONAL ASSOCIATION OF**
**MACHINISTS AND AEROSPACE WORKERS,**
**DISTRICT NO. 10,**

       **Third-Party Defendant.**

---

## DECISION AND ORDER

Plaintiffs Mauricio Aguilar, Dave Hughes, Daniel Radmer, Byron Slage, Michael Vinsant, and Duaine Wagner allege that defendant Husco International Inc. violated Chapter 109 of the Wisconsin Statutes and 29 U.S.C. §185 by failing to compensate for on-duty meal times and overtime. Before me now is plaintiffs' motion for class certification. All parties have stipulated that the proposed class be described as: "All production and maintenance employees of HUSCO international, Inc. who had at least one unpaid break lasting fewer than 30 minutes in duration, at any time between January 28, 2006 and October 2, 2007."

A party that seeks class certification must satisfy the requirements of Fed. R. Civ. P. 23; Gen. Tel. Co. of the S.W. v. Falcon, 457 U.S. 147, 155 (1982). Rule 23 imposes four explicit requirements, numerosity, commonality, typicality and adequacy of representation, and also requires that one of the subparts of Rule 23(b) be met. Rosario v. Livaditis, 963 F.2d 1013, 1017 (7th Cir.1992); See also Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 620-21 (1997). Plaintiff must also establish the existence of an identifiable class. Simer v. Rios, 661 F.2d 655, 669 (7th Cir.1981). Rule 23 should be liberally interpreted in favor of the maintenance of class actions. King v. Kansas City S. Indus., Inc., 519 F.2d 20, 25-26 (7th Cir.1975). Nevertheless, I must engage in a rigorous analysis to ensure that the requirements of Rule 23 are met. Gen. Tel. Co. of the S.W., 457 U.S. at 161. In determining whether to certify a suit as a class action, I may inquire into the merits of the case to the extent necessary to address class certification. Szabo v. Bridgeport Machs., Inc., 249 F.3d 672, 675 (7th Cir. 2001).

Rule 23(a)(1) requires that potential class members be "so numerous that joinder of all members is impracticable." To satisfy this requirement, a plaintiff need only show that joinder would be difficult or inconvenient. Robidoux v. Celani, 987 F.2d 931, 935 (2nd Cir.1993). A plaintiff will generally meet the requirement by showing that the class consists of forty or more. Barden v. Hurd Millwork Company, Inc., 249 F.R.D. 316, 319 (E.D.Wis.,2008)(citing Clarke v. Ford Motor Co., 220 F.R.D. 568, 578 (E.D.Wis.2004)). The complaint identifies potentially as many as 300 members. Thus, plaintiff makes the required showing.

Rule 23(a)(2) requires that "there are questions of law or fact common to the class." The commonality requirement is ordinarily satisfied where there is a "common nucleus of

operative fact." Rosario, 963 F.2d at 1018.  That is the case here because all members will be employees subject to the same alleged work and pay conditions under the same employer and collective bargaining agreement.  The complaint alleges uniform payroll practices to deny class members break pay, weekend pay, and overtime pay.  Thus there are common questions of law and fact.

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Generally, class representatives' claims are considered "typical" when they arise from the same course of conduct or are based on the same theory as the claims of class members. De La Fuente v. Stokely-Van Camp, Inc., 713 F.2d 225, 232 (7th Cir.1983).  Each of the named plaintiffs are exactly situated as the rest of the class members.  The course of conduct is the same and their theory of recovery is identical.  Thus the claims or defenses of the representative plaintiffs are typical of the claims or defenses of the class.

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." This requires an absence of potential conflict between named representatives and class members and that he will vigorously prosecute the case. See Fry v. UAL Corp., 136 F.R.D. 626, 634 (N.D.Ill.1991).  The named plaintiffs' situation is nearly identical to that of the other class members.  They have incentives identical to the other class members to vigorously prosecute the case.  There is no indication of conflict.

Plaintiffs seek certification under Rule 23(b)(3), which requires that "questions of law or fact common to the class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly

3

and efficiently adjudicating of the controversy." The factors to consider are the: (A) class members' interests in individually controlling the prosecution or defense of separate actions; (B) extent and nature of any litigation concerning the controversy already begun by or against class members; (C) desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) likely difficulties in managing a class action. Fed. R. Civ. Proc. 23(b)(3).

Plaintiffs have demonstrated predominance and superiority. Common questions of law and fact predominate the potential class' claims against defendant Husco because all claims are identical except for the amount of damages. Class action is the superior method of adjudication because the potential individual claims are likely too small to be realistically prosecuted on an individual basis. Furthermore this class is manageable because membership in the class is discrete and can be readily identified from documents in Husco's possession. It is highly desirable to concentrate the litigation in one forum because the class action is based upon identical legal theories and damage calculation methods, and will avoid having 300 separate cases and trials.

I will accept the stipulated class description as described above. Therefore, for the reasons stated,

**IT IS ORDERED** that plaintiffs' motion for class certification is **GRANTED**.

Dated at Milwaukee, Wisconsin this 24 day of September, 2009.

/s_____
LYNN ADELMAN
District Judge

4

Case 2:08-cv-00154-LA    Filed 09/24/09    Page 4 of 4    Document 61