**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

---

MAURICIO AGUILAR, et al.
On Behalf of Themselves and
All Others Sharing a Question
Of Common or General Interest,

        Plaintiffs,

  v.                                            Case No. 08C154

HUSCO INTERNATIONAL, INC.,

        Defendant and Third Party Plaintiff,

  v.

INTERNATIONAL ASSOCIATION OF MACHINISTS
AND AEROSPACE WORKERS, DISTRICT NO. 10,

        Third Party Defendant.

---

## ORDER

Plaintiffs originally filed this action in Wisconsin state court, asserting violations of a Wisconsin law requiring employers to pay employees for time spent on breaks lasting less than thirty minutes. Defendant Husco International, Inc. removed the action to this court, alleging that because plaintiffs' state-law claims will require interpretation of a collective bargaining agreement they must be considered to arise under § 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a). Plaintiffs moved to remand the case, arguing that the need to consult the collective bargaining agreement in the course of resolving their state-law claims does not give rise to federal jurisdiction. In a decision

1

and order dated March 31, 2009, I denied plaintiffs' motion to remand, reasoning that in order to resolve plaintiffs' claim for daily overtime pay I would have to interpret the collective bargaining agreement. (Docket #43.)

Recently, however, I have been confronted with a similar issue in another case, Williams et al. v. C & D Technologies, No. 11-C-171 (E.D. Wis.), and in resolving the issues presented in Williams I began to suspect that my resolution of the motion to remand in this case was erroneous. In Williams, I ruled that having to interpret a collective bargaining agreement for the purpose of determining the amount of damages to which a plaintiff is entitled in connection with a state-law claim does not result in preemption of the state-law claim or require the state-law claim to be recast as a claim for breach of the collective bargaining agreement. See Lingle v. Norge Division of Magic Chef, Inc., 486 U.S. 399, 413 n.12 (1988). Applying that ruling to this case, it seems that plaintiffs' demand for daily overtime pay would not be preempted or be deemed to arise under federal law, since the demand for daily overtime is really just an element of damages resulting from defendant's failure to pay for breaks of less than thirty minutes.

Because I must police the bounds of my own jurisdiction, see Smoot v. Mazda Motors of Am., Inc. 469 F.3d 675, 678 (7th Cir. 2006), I conclude that I must reconsider my denial of plaintiff's motion to remand. Defendant should review my decision in Williams and, if it believes that I still have subject matter jurisdiction over the present case, show cause why this case should not be remanded to state court. Any other party wishing to show that jurisdiction is proper may also file a brief on this matter.

**THEREFORE, IT IS ORDERED** that any party who wishes to show that I have subject matter jurisdiction over the present case shall show cause why this case should not

be remanded to state court within 10 days of the date of this order. Any party that wishes to respond to any response to this show-cause order may do so within 10 days of the filing of the response.

Dated at Milwaukee, Wisconsin this 6th day of July, 2011.

/s_____
LYNN ADELMAN
District Judge